## Machain v. Machain

*Paul Green,* for libellant.
*Louis Silverman,* for respondent.

KUN, J., April 16, 1945.—This is a rule for alimony pendente lite. The libel charges, inter alia, adultery. To the petition for alimony an answer was filed by the husband reiterating the charge. Depositions were taken. While the court is liberal in passing on applications for alimony pendente lite, such alimony is not a matter of right but the application therefor is addressed to the sound discretion of the court. While the ultimate merits are not to be adjudged on such an application, the court cannot ignore plain facts and inferences to be drawn from the testimony in determining how its discretion in the matter should be exercised. The depositions disclose the receipt by the wife respondent from the alleged corespondent of rather lewd letters strongly indicating immoral relations between them. While the receipt and possession of such letters

is not of itself evidence of immoral relationship between the parties, they may be so regarded if it is shown that the recipient had been in correspondence with the sender of the letters: 1 Freedman on Marriage and Divorce 517, and cases cited. During the depositions taken on the rule respondent at first denied ever seeing the letters but on cross-examination admitted that, in a prior proceeding before the Municipal Court involving the custody of their children and support for them, she had admitted receiving them and also admitted that she had corresponded with the corespondent. In these circumstances the reasonable inference is that she adopted the content of the letters, and their content must be regarded as germane to the subject matter of their correspondence. Other testimony was produced putting respondent in close relationship with the corespondent. See Gruninger v. Gruninger, 190 Pa. 633, and comment thereon in K. v. K., 17 Dist. R. 617, 619.

It is on the basis of the foregoing that the Municipal Court awarded the custody of the two children of·the parties to the libellant husband, an action which was affirmed on appeal to the Superior Court (Commonwealth ex rel v. Machain, 157 Pa. Superior Ct. 113) adopting the finding of the Municipal Court as follows:

"The testimony indicates that the respondent has been guilty of immoral conduct, conducts herself improperly, drinks excessively, neglects her home and children, does not rear her children in a moral and wholesome atmosphere." In affirming, the Superior Court stated (p. 114):

"The evidence clearly supports the conclusions of the court below", and it is clear that the letters referred to must have been regarded as part of that evidence.

This is not res adjudicata in the divorce proceedings pending in this court nor is the disposition of the rule for alimony to be taken in any sense as a preliminary adjudication of the issues raised by the libel for the divorce and the answer thereto. The depositions also

show that respondent is gainfully employed at a reasonable salary. The facts disclosed through the depositions and the reasonable inferences to be drawn therefrom are such that we deem it would be an improper exercise of our judicial discretion to grant respondent's application for alimony pendente lite.

The usual respondent's counsel fee has already been allowed and reasonable costs and expenses to defend the action may also be allowed on proper showing.

The rule for alimony pendent lite is discharged.